UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **T G S PROPERTIES L L C** | **CASE NO. 2:22-CV-01935** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COVINGTON SPECIALTY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 15] filed by defendant Covington Specialty Insurance Company. Plaintiff TGS Properties LLC opposes the motion. Doc. 17.

### I.
#### BACKGROUND

This suit arises from damage allegedly inflicted by Hurricane Laura and Hurricane Delta to rental property owned by plaintiff in Beauregard Parish, Louisiana. At all relevant times the property was insured under a policy issued by defendant. Plaintiff alleges that defendant failed to timely or adequately compensate it for covered losses, and filed suit in this court on June 30, 2022. Doc. 1. There it raised claims for breach of insurance contract and bad faith under Louisiana law. *Id.* The matter is set for jury trial before the undersigned on November 6, 2023. Doc. 14.

Defendant now brings this motion for partial summary judgment, seeking a ruling from the court that plaintiff is limited to the actual cash value ("ACV") of repairs and cannot seek replacement cash value ("RCV") or coverage under the policy's code

upgrade/Increased Cost of Construction provisions due to plaintiff's failure to complete repairs within the two years allotted under the policy. Doc. 15. Plaintiff opposes the motion, arguing that it could not complete repairs due to defendant's underpayment of the claim and that its failure to comply should therefore be excused. Doc. 17.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Here the policy provides coverage for Replacement Cost Value, as opposed to Actual Cash Value. Doc. 15, att. 2, p. 14. There are several limitations to this coverage, however, including that defendant "will not pay on a replacement cost basis for any loss or damage (1) [u]ntil the lost or damaged property is actually repaired or replaced; and (2)

[u]nless the repair or replacement is made as soon as reasonably possible after the loss or damage." *Id.* at 18. The policy also provides Increased Cost of Construction coverage, subject to several limitations including that defendant "will not pay for the Increased Cost of Construction: (i) [u]ntil the property is actually repaired or replaced, at the same or another premises; and (ii) [u]nless the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years . . ." *Id.* at 8.

Neither party disputes that the property remains unrepaired in many respects. Because the hurricane damage occurred more than two years ago, defendant maintains that plaintiff's recovery is limited to actual cash value under the policy. Plaintiff alleges, however, that defendant has only paid $110,000.00, with the first payment not arriving until February 2022. It has submitted evidence that the ACV of damages exceeds $3.4 million. *See* doc. 17, att. 3 (Property Damage Consultants estimate). It has also introduced testimony from its property manager, who stated that some repairs (namely roof tarping, water mitigation, electrical replacement, and sheetrock repair) have been made but others remain outstanding. Doc. 17, att. 6.

"Fulfillment of a contractual promise is not excused by the failure of a condition which the promisor himself causes to happen." *In re DEEPWATER HORIZON*, 786 F.3d 344, 361 (5th Cir. 2015) (cleaned up). While, as defendant emphasizes, the ability to recover RCV "hinges on [plaintiff's] efforts," plaintiff may be excused in the first place from fulfilling this condition if it shows that it could not begin repairs due to defendant's drastic underpayment. The condition for RCV does not even have a time limit; it merely requires that repairs be made as soon as "reasonably possible." To the extent that plaintiff

Page 4 of 5

can show that it was unable to complete repairs due to an underpayment of the claim, it may establish a right to recover Replacement Cost Value and/or Increased Cost of Construction.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 15] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 28th day of September, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE