UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| T G S PROPERTIES L L C | CASE NO. 2:22-CV-01935 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| COVINGTON SPECIALTY INSURANCE CO | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

Before the court is a Motion to Compel Compliance with Subpoenas Duces Tecum [doc. 25] filed by defendant Covington Specialty Insurance Company. The motion is regarded as unopposed.

I.
BACKGROUND

This suit arises from damage to an apartment complex in DeRidder, Louisiana, during Hurricane Laura. At all relevant times the complex was insured under a commercial policy issued by Covington. Plaintiff, owner of the complex, alleged that Covington had not timely or adequately compensated it for covered losses. Accordingly, it filed suit in this court on June 30, 2022, and raised claims under Louisiana law for breach of insurance contract and bad faith.

The matter proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order [doc. 2] for Hurricane Laura claims but did not resolve. It is set for jury trial before the undersigned on November 6, 2023. Covington now brings this motion to compel, showing that it issued subpoenas duces tecum to the following

entities involved with this claim: Elite Commercial Roofing ("Elite"), The Window Pro, LLC ("Window Pro"), and Paradise Claims, LLC ("Paradise"). Doc. 25. The Elite subpoena was issued on June 26, 2023, with return date of July 12; the Window Pro subpoena was issued on June 29, 2023, with return date of July 20; and the Paradise subpoena was issued on July 20, 2023, with a return date of August 10. Doc. 25, atts. 2–5. Therein Covington sought certified copies of files, materials, correspondence, and/or documents relating to the work or services these companies provided for plaintiff. *Id.* To date, however, Covington has received no response from any of the companies. Accordingly, it asks the court to compel an immediate response and grant attorney fees.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 45 governs subpoenas served on non-parties, such as the ones at issue here, as well as motions for compliance with and/or protection from such a document. *Isenberg v. Chase Bank, N.A.*, 661 F.Supp.2d 627, 629 (N.D. Tex. 2009). On notice to the commanded party, the serving party may move the court for an order compelling compliance with the subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i). The court may also hold in contempt the responding party based on its failure to obey the subpoena and accompanying order without adequate excuse. *Id.* at 45(g). The acts may only be required as directed in the court's order, however, and the order must protect the non-party from significant expense. *Id.* at 45(d)(2)(B)(ii). Additionally, subpoenas are subject to the parameters established by Rule 26(b). *Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D. La. 2018). "The court retains discretion to decline to compel production of requested

documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made." *Id.* (cleaned up, internal quotation omitted).

Upon review the court finds that the subpoenas were reasonable in scope and in time permitted for response. Accordingly, the commanded parties will be compelled to respond. As for the contempt/attorney fee request, "[a] chance for explanation is a preferred first step[.]" *EB Holdings II Inc. v. Illinois Nat'l Ins. Co.*, 2021 WL 6134783, at *1 (S.D. Tex. Dec. 29, 2021). The court "normally preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance." *Id.* (quoting Wright & Miller, *Federal Practice and Procedure* § 2465). A subpoena is a court order and courts have inherent power to enforce compliance with their orders through civil contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990). Defendant has made a *prima facie* showing of noncompliance. Its primary requested relief, however, is that the respondents be required to produce the requested documents. Because the motions involve subpoenas propounded to non-parties who do not appear to be represented by counsel and may lack a sufficient understanding of the legal system, the court finds that no further relief is in order and will deny the motions for contempt. Plaintiff's counsel is responsible for ensuring compliance, however, as plaintiff hired these entities and should not have the benefit of their reports or other evidence relating to hurricane damages if they will not participate in discovery.

## III.
### Conclusion

For the reasons stated above, **IT IS ORDERED** that the Motion to Compel [doc. 25] be **GRANTED.** Elite Commercial Roofing, The Window Pro, LLC, and Paradise Claims, LLC are hereby **ORDERED** to respond to the subpoenas served on them by defendant within **SEVEN DAYS** of this order. Failure to respond will result in a hearing and an order to show cause why respondents should not be held in contempt. Additionally, plaintiff will be barred from introducing any evidence relating to repairs done or damages estimated by these parties if they do not respond to defendant's subpoenas.

**THUS DONE AND SIGNED** in Chambers on the 20th day of October, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**