UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| T G S PROPERTIES L L C | CASE NO. 2:22-CV-01935 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| COVINGTON SPECIALTY INSURANCE CO | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Determine Sufficiency of Defendant's Responses to Plaintiff's Requests for Admission [doc. 24] filed by plaintiff TGS Properties LLC.

### I.
### BACKGROUND

This suit arises from damage to an apartment complex in DeRidder, Louisiana, during Hurricane Laura. At all relevant times the complex was insured under a commercial policy issued by Covington. Plaintiff, owner of the complex, alleged that Covington had not timely or adequately compensated it for covered losses. Accordingly, it filed suit in this court on June 30, 2022, and raised claims under Louisiana law for breach of insurance contract and bad faith. The matter proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order [doc. 2] for Hurricane Laura claims but did not resolve. It is set for jury trial before the undersigned on November 6, 2023, with a motion to compel deadline of October 10, 2023. Doc. 14.

On August 25, 2023, TGS propounded its first set of written discovery on Covington. Doc. 32, att. 1. Covington responded on September 25, 2023. Doc. 32, att. 2. On October 9, 2023, TGS requested a discovery conference for the following day, asserting that Covington's responses to several Requests for Admission were inadequate. Doc. 24, att. 5. Covington responded that it "require[d] more than a day's notice to review and prepare for such conference" and that counsel would, at any rate, be unavailable due to a scheduled appearance in federal court in Oxford, Mississippi. Doc. 24, att. 6. TGS requested availability for later in the week for this conference, and then filed the instant motion. Doc. 24; doc. 24, att. 7.

TGS asserts that Covington's responses to certain Requests for Admission were deficient. It notes that Covington provided the same form objection to several RFA's (Nos. 6, 8, 9, 12, 15, and 16] relating to specific statements made in correspondence by its adjuster:

> Covington objects to the request to the extent it is ambiguous, vague, and incomplete. Covington further objects to the request to the extent that the information sought is equally obtainable to plaintiff and already in the possession of plaintiff. Subject to and without waiving the foregoing objections, Covington refers to the quoted correspondence, which speaks for itself. Otherwise, in an abundance of caution, Covington denies this request as written.

Doc. 24, att. 4. It also made the following response to RFA 1 on coverage for debris removal:

> Covington objects to the request to the extent it is as ambiguous, vague, and overly broad. Covington further objects to the request to the extent it does not include specific language of the policy to which it refers and appears to include a subjective interpretation of requirements contained within a written document which is the best evidence of its contents. Subject

to and without waiving the foregoing objections, Covington admits the request to the extent the Covington insurance policy provides coverage for debris removal, subject to the terms and conditions of the policy, in the event of a "Covered Cause of Loss," which includes: (1) Fire; (2) Lightening; (3) Explosion; (4) Riot or Civil Commotion; or (5) Aircraft. Covington denies the request to the extent any of the covered causes of loss necessitated any debris removal in this matter.

*Id.* at 3. Finally, under RFA 18 TGS stated: "Please admit that Brent Benoit utilized ESX and/or other native format or template of Larry Couvillion's initial Xactimate estimate to prepare the JS Held Xactimate estimate." *Id.* at 10. Covington responded:

Covington objects to the request to the extent it is vague, ambiguous, overly broad, and/or unintelligible. Subject to and without waiving the foregoing objections, Covington is currently unable to admit or deny this request. Therefore, in an abundance of caution, this request is denied.

*Id.* at 11.

Covington opposes the motion, arguing that it should be disregarded due to TGS's failure to conduct a Rule 37 conference. In the alternative, it maintains that its responses were sufficient and its objections were warranted.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as follows:

Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 37 allows a party to file a motion to compel to enforce its discovery rights. Fed. R. Civ. P. 37(a)(3). The burden is on the party seeking to prevent discovery to show why it should not be allowed. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Under Rule 37(a)(1), any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer" with the party from whom the discovery is sought "in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This requirement is "not an empty formality" and cannot be satisfied with a single emailed attempt to obtain supplemental responses. *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001); *see also McAllister v. McDermott, Inc.*, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (collecting cases). The motion at issue, though styled as a motion to determine sufficiency of responses, is a *de facto* motion to compel. Plaintiff's attempt to schedule a conference on the eve of the motion to compel deadline does not satisfy Rule 37(a)(1) and provides sufficient grounds for denial. Both parties could have avoided this by seeking discovery earlier.

As it stands, the court notes that only RFA 18's response is potentially deficient. For the other RFA's the correspondence should speak for itself and the response on debris removal admits to the existence of such coverage. In some circumstances, the court may overlook Rule 37's requirements in the interest of pragmatism. *Holmes v. Reddoch*, 2020 WL 5749157, at *3 (E.D. La. Sep. 25, 2020). The parties should be able to resolve their dispute on RFA 18 without court intervention, however. Accordingly, the court finds no basis to make a determination in the absence of a good faith meet-and-confer.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Determine Sufficiency [doc. 24] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 20th day of October, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE