UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| T G S PROPERTIES L L C | CASE NO.  2:22-CV-01935 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| COVINGTON  SPECIALTY  INSURANCE CO | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the court is a Motion to Continue or, in the Alternative, Motion to Strike Plaintiff's Untimely Supplemental Report [doc. 26] filed by defendant Covington Specialty Insurance Company. Plaintiff TGS Properties LLC opposes the motion. Doc. 31.

This suit arises from damage to an apartment complex in DeRidder, Louisiana, during Hurricane Laura. At all relevant times the complex was insured under a commercial policy issued by Covington. Plaintiff, owner of the complex, alleged that Covington had not timely or adequately compensated it for covered losses. Accordingly, it filed suit in this court on June 30, 2022, and raised claims under Louisiana law for breach of insurance contract and bad faith. The matter proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order [doc. 2] for Hurricane Laura claims but did not resolve. It is set for jury trial before the undersigned on November 6, 2023.

Covington argues that a continuance is necessary because "critical depositions have not been completed, trial is now approximately twenty-seven days away, and Covington does not have access to critical information necessary to evaluate and adequately defend against Plaintiff's claims in this case." Doc. 26, p. 4. The trial date in this matter has been

fixed since February 28, 2023, however, and Covington provides no excuse for its failure to earlier obtain this discovery or bring a motion to compel. The court also notes that Covington waited until the motion to compel deadline, October 10, to complain of contractors' failure to respond to its subpoenas even though responses to these subpoenas were due over two months before. *See* doc. 24. These hurricane cases must be kept on a schedule in order to reduce costs of litigation for the parties, afford somewhat timely relief following the 2020 hurricane season, and prevent the thousands of cases filed from dragging down the court's docket any longer than necessary. Accordingly, the court is only allowing continuances in extraordinary circumstances or, in some cases, on agreement of the parties. Covington's motion does not rise to this level and will be denied.

As for the motion to strike, Covington complains of an updated repair estimate provided by plaintiff on August 16, 2023—one week after plaintiff's expert report deadline and one week before defendant's expert deadline. The record shows that Covington confirmed receipt of the estimate and forwarded it to its expert. Doc. 31, att. 8. Additionally, plaintiff notes that expert depositions are being scheduled for this month and that Covington will have the opportunity to question plaintiff's expert on the supplement.

Plaintiff's untimely supplement, sent without leave of court, violated the scheduling order. "A district court may grant a party leave to supplement an expert's report after the deadline in the scheduling order has expired, but only if good cause is shown under Rule 16(b)." *State Auto Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019). The court considers the following four factors in determining if good cause exists: (1) the explanation for the failure to timely disclose; (2) the importance of the

testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Plaintiff explains that the estimates were updated in light of the findings of its structural engineer. While it does not account for the untimeliness, the court notes that the estimates were still provided in advance of defendant's expert report deadline and that the prejudice is therefore minimal. No continuance is necessary, and the estimates are undoubtedly relevant given that repair cost is the central issue in the case. Accordingly, the balance of factors favors allowing the untimely supplement.

For the reasons stated above, **IT IS ORDERED** that the Motion to Continue or, in the Alternative, Motion to Strike Plaintiff's Untimely Supplemental Report [doc. 26] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 20th day of October, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**