IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TGS PROPERTIES, LLC DBA | * | |
| PALMETTO CREEK APARTMENTS | * | CIVIL ACTION NO. 22-CV-1935 |
| Plaintiff, | * | |
| | * | |
| | * | JUDGE JAMES CAIN |
| VERSUS | * | |
| | * | |
| COVINGTON SPECIALTY | * | |
| INSURANCE COMPANY, | * | MAGISTRATE JUDGE KAY |
| Defendant. | * | |
| | * | |

**PLAINTIFF'S PROPOSED JURY CHARGES**

1. **Insurance Policy Interpretation**

    a. An insurance policy is a contract between the insured and the insurer and has the effect of law between the parties.[1]

    b. An insurance policy is construed like any other contract according to the parties' intent as expressed in the words of the policy.[2]

    c. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.[3]

    d. Where a policy is ambiguous, it is "generally construed against the insurer and in favor of coverage."[4]

    e. A policy provision is ambiguous only if it "is susceptible to two or more *reasonable* interpretations."[5]

---

[1] *McDonnel Grp., L.L.C. v. Starr Surplus Lines Ins. Co.,* 15 F.4th 343, 346 (5th Cir. 2021).

[2] *Id.*

[3] *Id.*

[4] *Id. See also Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).

[5] *Id.*

1

2. **Satisfactory Proof of Loss**

   a. "Satisfactory proof of loss" is that which is sufficient to fully apprise the insurer of the insured's claim, including the extent of the damages sought.[6]

   b. "Satisfactory proof of Loss" is a flexible requirement to advise the insurer of the facts of the claim. It is not required to be in any formal style.[7]

   c. "As long as the insurer receives sufficient information to act on the claim, 'the manner in which it obtains the information is immaterial.'"[8]

   d. Satisfactory proof of loss can be satisfied by the insurer receiving an estimate of the cost of repair, or through the insurer's independent adjuster after personal inspection of the insured's property.[9]

   e. Satisfactory proof of loss can be satisfied by the insurer's independent adjuster having the opportunity to discover damage but failing to do so.[10]

   f. The insurer's receipt of satisfactory proof of loss triggers the running of the applicable statutory time limits under Louisiana's penalty statutes.[11]

   g. An adjuster inspection charges the insurance company with knowledge of all reasonably discoverable damages, including those the insurer's adjuster omits from his report(s).[12]

3. **La. R.S. 22:1892**

   a. An insurer owes to its insured a duty of good faith and fair dealing, which includes an affirmative duty to adjust claims fairly and promptly.[13]

   b. All insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.[14]

---

[6] *Louisiana Bag Company, Inc. v. Audubon Indemnity Co.,* 975 So.2d 187 (La. App. 3 Cir. 1/30/08) *affirmed* 999 So.2d 1104 (La. 12/2/08).
[7] *Id.* at 1119-1120.
[8] *Id.*
[9] *Louisiana Bag,* 999 So. 2d at 1119-1120; *See also J.R.A., Inc. v. Essex Ins. Co.,* 2010-0797 (La. App. 4 Cir. 5/27/11) 72 So.3d 862,881.
[10] *Aghighi v. Louisiana Citizens Prop. Ins. Co.,* 2012-1096 (La. App. 4 Cir. 6/19/13) 119 So.3d 930 *writ denied* 2013-1737 (La. 10/20/13), 124 So.3d 1102.
[11] *Boudreaux v. State Farm Mut. Auto. Ins. Co.,* 896 So.2d 230, 234 (La. App. 4 Cir. 2/2/05).
[12] *Aghighi,* 124 So.3d at 1102.
[13] La. R.S. 22:1973(A).
[14] La. R.S. 22:1892(a)(4).

   c. An insurer shall make a written offer to settle any property claim within thirty days after receipt of satisfactory proofs of loss of that claim.[15]

   d. Failure to make such payment within thirty days after receipt of such satisfactory proofs of loss, or failure to make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss, when such failure is found to be arbitrary, capricious, or without provable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due or one thousand dollars, whichever is greater.[16]

4. **La. R.S. 22:1973**

   a. An insurer owes to its insured a duty of good faith and fair dealing, which includes an affirmative duty to adjust claims fairly and promptly.[17]

   b. Any insurer who breaches its duty of good faith and fair dealing shall be liable for any damages sustained as a result of the breach.[18]

   c. It is a violation of the duty of good faith and fair dealing for an insurer to knowingly fail to pay the amount of the claim due to any entity insured by the contract within sixty days after receipt of satisfactory proof of loss from the insured when such failure is arbitrary, capricious, or without probable cause.[19]

5. **Continuing Duty**

   a. "[T]he duties of good faith and fail dealing imposed on insurers by R.S. 22:1892 are continuing duties that do not end during litigation."[20]

6. **Damages**

   a. You may award damages on either an actual cash value basis, or you may award damages on a replacement cost basis if the loss was actually repaired or replaced and if the cost to repair or replace the property exceeds the actual case value.[21]

---

[15] La. R.S. 22:1892(A)(1).
[16] La. R.S. 22:1892(B)(1).
[17] La. R.S. 22:1973(A).
[18] *Id.*
[19] La. R.S. 22:1973(B)(5).
[20] *Sher v/ Lafayette Ins. Co.,* 07-2441 (La. 4/8/08) 988 So.2d 186; *Montgomery v. State Farm Fire & Cas. Co.,* 103 So.3d 1222, 1230 (2012).
[21] *Cent. Mut. Ins. Co. v. White Stone Properties, Ltd.,* No. A-12-CA-275-SS, 2014 WL 1092121, at *10 (W.D. Tex. Mar. 19, 2014), *aff'd,* 596 F. App'x 333 (5h Cir. 2015).

b. Actual Cash Value is the reproduction cost less depreciation. Stated another way, it is the cost of duplicating the damage property with materials of like kind and quality, less allowance for existing physical deterioration and depreciation.[22]

c. Therefore, you may award as damages on an actual cash value basis an amount equal to the cost of restoring the property it its condition before Hurricanes Laura and Delta, less any applicable deductible and any prior payments.[23]

d. The touchstone for determining actual cash value is to put the insured in exactly the same position it was in right before the loss; an award of actual cash value should provide the insured with neither economic gain nor loss.[24]

e. An award of replacement cost value is designed to place the insured in a better position than before the loss, because the insured contracted for the right to replace the old, depreciated property with brand new property of like kind of quality, less any applicable deductible and any prior payments.[25]

f. You may award damages on a replacement cost value basis if you find Plaintiff, TGS Properties, LLC, was unable to effectuate necessary repairs and replacements because Defendant, Covington Specialty Insurance Company, failed to pay sufficient funds for damages caused by Hurricanes Laura and Delta.

Respectfully submitted,

*/s/ Michael G. Hodgkins*

**VERON BICE, LLC**
Michael G. Hodgkins (#20862)
Katherine B. Remy (#38876)
721 Kirby Street (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602
Phone: (337) 310-1600
Fax: (337) 310-1601
E-mail: mgh@veronbice.com
           katherine@veronbice.com

*/s/Michael Lonegrass*

---

[22] *Bradley v. Allstate Ins. Co.,* 620 F.3d 509. 520 (5th Cir. 2010) (citations omitted).
[23] Fifth Circuit Pattern Jury Charge 15-4.
[24] *Id.*
[25] *White Stone Properties, Ltd.,* 2014 WL 1092121, at *10.

            **THE VOORHIES LAW FIRM**
            Richard P. Voorhies III (#30782)
            Michael Lonegrass (#28124)
            Energy Centre
            1100 Poydras St., Suite 2810
            New Orleans, Louisiana 70163
            Phone: (504) 875-2223
            Fax:(504) 875-4882
            E-mail: richard@voorhieslaw.com
                 mike@voorhieslaw.com

            ***ATTORNEYS FOR PLAINTIFFS***