**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **TGS PROPERTIES, LLC DBA** | * | **CIVIL ACTION NO. 22-CV-1935** |
| **PALMETTO CREEK APARTMENTS** | * | |
| *Plaintiff* | * | |
| | * | **JUDGE JAMES CAIN, JR.** |
| **VERSUS** | * | |
| | * | |
| **COVINGTON SPECIALTY** | * | **MAGISTRATE JUDGE KATHLEEN KAY** |
| **INSURANCE COMPANY** | * | |
| *Defendant* | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**COVINGTON SPECIALTY INSURANCE COMPANY'S**
**PROPOSED JURY INSTRUCTIONS AND JURY CHARGES**

Defendant, Covington Specialty Insurance Company ("Defendant" or "Covington") respectfully requests that this Honorable Court use the attached proposed jury instructions and jury charges to instruct the jury in this matter. Defendant submits theses proposed jury instructions pursuant to Fed. R. Civ. Proc. 51 and this Court's Order.[1] The proposed jury instructions are taken from the Fifth Circuit Pattern Charges, Louisiana statutes, and cited jurisprudence.

Defendant reserves the right to amend and/or supplement these proposed instructions and to submit additional proposed instructions based on the Court's rulings before or at trial, or otherwise, as appropriate.

---

[1] *See* R. Doc. 14.

## I.     Proposed United States Court of Appeals for the Fifth Circuit Pattern Jury Instructions

### A.     Preliminary Instructions

#### 1.1 Instructions for Beginning of Trial

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone, or any other wireless communication device with you, please take it now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends, and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to (i) ask you about this case, (ii) tell you anything they know, or think they know, about this case, (iii) or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in, or around, the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance, or raise a suspicion, of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation, or experiment that we do not know about, or gain any information through improper

communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country, and you will have committed an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

### 1.2 Preliminary Instructions to Jury

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedures. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other

devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide, and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present its case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.

**Covington's Further Proposal**

During the course of the trial, attorneys will lodge certain objections. These objections are the attorneys invoking the rules of evidence or the rules of procedure. I, as judge, make the determination if the rules are properly invoked. It does not mean that the attorneys for one side or the other side are attempting to hide something from the jury. It simply means that based on the question presented, there is a legal challenge that each party can lodge. This will occur throughout the trial. You, as members of the jury, are not to infer anything from one side or the other. That is simply the attorneys doing their job.

**B.  General Instructions**

**2.1 First Recess**

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to

keep an open mind until all evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

### 2.2 Stipulated Testimony

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

### 2.3 Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court

### 2.6 Limiting Instructions

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

### 2.7 Charts and Summaries

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

### 2.8 Demonstrative Evidence

Exhibit _____ is an illustration. It is a party's description used to describe something involved in this trial. If you recollection of the evidence differs from the exhibit, rely on your recollection.

### 2.11 Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### 2.13 Deposition Testimony

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. At some point prior the commencement of this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighted and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

### 2.16 Bias – Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

### C.  Jury Charge

### 3.1 Jury Charge

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rests. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

### 3.2 Burden of Proof: Preponderance of the Evidence

Plaintiff, TGS Properties, LLC d/b/a Palmetto Creek Apartments ("Plaintiff" or "TGS"), has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff, TGS, has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

### 3.3 Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### 3.4 Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence, you believe that witness.

### 3.5 Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

### 3.6 No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### 3.7 Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

### D.  Damages

### 15.1 Consider Damages Only If Necessary

If Plaintiff, TGS, has proved its claim against Defendant, Covington, by a preponderance of the evidence, you must determine the damages to which Plaintiff, TGS, is entitled. You should not interpret the fact that I am giving instructions about Plaintiff TGS's damages as an indication in any way that I believe that Plaintiff, TGS, should, or should not, win this case. It is your task first to decide whether Defendant, Covington, is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant, Covington, is liable and that Plaintiff, TGS, is entitled to recover money from Defendant, Covington.

### 15.5 Mitigation of Damages

A person/entity who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her/its damages, that is, to avoid or to minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which it could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny it recovery for those damages that it would have avoided had it taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing its damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce its damages. However, it is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of its failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

## II.  Proposed Jury Charges – Louisiana Statutes and Jurisprudence

### Proposed Jury Charge No. 1

### Insurance Policy Interpretation

The insurance policy is the contract between the parties to this case and is the law between them. The measure of payment in an insurance coverage dispute over immovable property is governed by the contract itself. An insurance company is only obligated to pay the amount which it is contracted to pay for the insurance contract. Contracts must be performed in good faith by all parties involved.

Like all contracts, a policy of insurance defines the respective rights and obligations of the parties. These will be enforced according to the terms and provisions of the policy. When the words of the policy are clear and explicit and lead to no absurd consequences, the policy should be enforced as written. The words of the policy determine the extent of insurance coverage. Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy.

La. Code Civ. art. 1983; La. Code Civ. art(s) 2045-2048; and La. Rev. Stat. § 22:881. *See also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206-210 (5th Cir. 2007)(Citing *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 583 (La. 2003)); *Arctic Slope Regional Corp. v. Affiliated FM Ins. Co.*, 564 F.3d 707 (5th Cir. 2009); *Cadwallader, supra*, 848 So. 2d at 580; *Campbell v. Markel Am. Ins. Co.*, 822 So. 2d 617, 622-623 (La. App. 1 Cir. 2001); *Fleniken v. Entergy Corp.*, 99-3023, 790 So. 2d 64, 68 (La. App. 1 Cir. 2001); and *Am. Intern. Specialty Lines Ins. Co. v. Canal Indemnity Co.*, 352 F.3d 254, 262 (5th Cir. 2003).

## Proposed Jury Charge No. 2

### Insurance Policy Interpretation

An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.

*Arctic Slope Regional Corp. v. Affiliated FM Ins. Co.*, 564 F.3d 707 (5th Cir. 2009)(Citing *Sher v. Lafayette Insurance Company*, 988 So. 2d 186, 193 (La. 2008)).

## Proposed Jury Charge No. 3

### Insurance Policy Limitations

Insurance companies are free to limit coverage in any manner they desire as long as the limitations of liability do not conflict with statutory law or public policy.

*Abbeville Offshore Quarters Inc. v. Taylors Energy Co.*, 286 Fed.Appx. 124, 128 (5th 2008)(Citing *Reynolds v. Select Properties, Ltd.*, 634 So. 2d 1180, 1183 (La. 1994)) *See also State Farm Fire and Cas. Ins. Co. v. Delatte*, 806 So. 2d 806, 808 (La. App. 5 Cir. 2001).

## Proposed Jury Charge No. 4

### Plaintiff's Burden Regarding Scope and Cost of Property Damages

Plaintiff bears the burden of establishing the actual costs of mitigation work and repair work scope and cost. Such proof requires expert testimony. Plaintiffs may not recover under the policy in excess of their actual loss.

*Versai Management Corp. v. Clarendon American Ins. Co.*, 597 F.3d 729, 736 (5th Cir. 2010); *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 521 (5th Cir. 2010); and *French v. Allstate Ins. Co.*, 637 F.3d 571, 580 (5th Cir. 2011).

**Proposed Jury Charge No. 5**

**Plaintiff's Duties After Loss**

The subject insurance policy provides, in pertinent part, the following:

\*\*\*

**3.  Duties in the Event of Loss or Damage**

   **a.**  You must see that the following are done in the event of loss or damage to Covered Property:

\*\*\*

   (2) Give us prompt notice of the loss or damage. Include a description of the property involved.

\*\*\*

   (4) Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

   (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values, and amount of loss claimed.

   (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

   Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records

   (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

11

(8) Cooperate with us in the investigation or settlement of the claim.

CP 00 10 10 12 (Page 10 of 16)

The language of the policy is enforceable and consistent with Louisiana law applicable to all contracts. Under the language of the Policy, an insured has a duty to mitigate its damages which requires it to take reasonable steps to minimize the consequences of an injury. This concept also applies to minimizing the loss of business profits in the event of an interruption of business.

La. Code Civ. art. 2002. *See also Maloney Cinque, LLC v. Pacific Ins. Co., Ltd.*, 89 So. 3d 12, 30-31 (La. App. 4 Cir. 2012).

Courts have generally reviewed compliance with insurance policy provisions as a condition precedent to recovery. The failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to a suit on the policy.

*Lee v. United Fire & Cas. Co.*, 607 So. 2d 685, 688 (La. App. 4 Cir. 1992).

In the event of loss or damage to the Covered property, the Covington policy obligated TGS to provide "prompt notice of the loss or damage." Where TGS only provided notice to Covington of damages caused by Hurricane Laura, you may only assess damages and claims as they relate to and/or were caused by Hurricane Laura.

## Proposed Jury Charge No. 6

### Actual Cash Value

The subject insurance policy provides, in pertinent part, the following:

"Actual Cash Value" is calculated as the amount it would cost to replace, repair, or rebuild (which ever is less) the Covered Property, at the time of loss or damage (without allowance for contingencies or soft costs) with material of like kind and quality, less the adjusted deduction for deterioration, depreciation, obsolescence, and depletion.

GBA 404002 0813

Actual Cash Value is the reproduction cost less depreciation. Stated another way, it is the cost of duplicating the damaged property with materials of like kind and quality, less allowance for existing physical deterioration and depreciation.

*Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 520 (5th Cir. 2010); *French v. Allstate Ins. Co.*, 637 F.3d 571, 579 (5th Cir. 2011); *Hackman v. EMC Ins. Co.*, 984 So.2d 139, 143 (La. App. 5 Cir. 2008).

## Proposed Jury Charge No. 7

**Replacement Cost Value**

The subject insurance policy provides, in pertinent part, the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

\*\*\*

**3.  Replacement Cost**

a.  Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form.

\*\*\*

d.  We will not pay on a replacement cost basis for any loss or damage:

(1)  Until the lost or damaged property is actually repaired or replaced; and

(2)  Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.

\*\*\*

e.  We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2), or (3) . . .

(1)  The Limit of Insurance applicable to the lost or damaged property;

(2)  The cost to replace the lost or damaged property with other property:

(a)  Of comparable material and quality; and

(b)  Used for the same purpose; or

(3)  The amount actually spent that is necessary to repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost described in e.(2) above is limited to the cost which would have been incurred if the building had been rebuilt at the original premises.

CP 00 10 10 12 (Page 15 of 16)

Such language is enforceable such that an insured is only owed Actual Cash Value (ACV) unless and until the insured actually repairs and/or replaces the property. Upon proof of actual repair and/or replacement, the insured may then recover Replacement Cost Value (RCV).

Under the applicable terms and conditions of the insurance policy, in order for Defendant provide Plaintiff with coverage greater than the actual cash value of the property, Plaintiff must actually repair or replace the property and must do so as soon as reasonably possible after the loss. Thus, the ability to recover the replacement cost value of the property hinges on Plaintiff's replacement efforts, which constitute a suspensive condition under the terms of the insurance policy.

*Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 520 (5th Cir. 2010); *French v. Allstate Ins. Co.*, 637 F.3d 571, 579 (5th Cir. 2011); *Hackman v. EMC Ins. Co.*, 984 So.2d 139, 143 (La. App. 5 Cir. 2008); *Versai Management Corp. v. Clarendon America Ins. Co.*, 597 F.3d 729, 738 (5th Cir. 2010)

**Proposed Jury Charge No. 8**

**Increased Cost of Construction**

The subject insurance policy provides, in pertinent part, the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

\*\*\*

**4.  Additional Coverages**

\*\*\*

**e**.  **Increased Cost of Construction**

(1) This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.

(2) In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with the minimum standards of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in e.(3) through e.(9) of this Additional Coverage.

(3) The ordinance or law referred to in e.(2) of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises and is in force at the time of loss.

*** 

(6) The most we will pay under this Additional Coverage, for each described building insured under this Coverage Form, is $10,000 or 5% of the Limit of Insurance applicable to that building, whichever is less.

(7) With respect to this Additional Coverage:

(a) We will not pay for the Increased Cost of Construction:

(i) Until the property is actually repaired or replaced, at the same or another premises; and

(ii) Unless the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years…

(b) If the building is repaired or replaced at the same premises, or if you elect to rebuild at another premises, the most we will pay for the Increased Cost of Construction, subject to the provisions of e.(6) of this Additional Coverage, is the increased cost of construction at the same premises.

CP 00 10 10 12 (Page 5 of 16)

Under the applicable terms and conditions of the insurance policy, in order for Defendant provide Plaintiff with coverage greater than the actual cash value of the property, Plaintiff must actually repair or replace the property and must do so as soon as reasonably possible after the loss, not to exceed two years. Thus, the ability to recover the increased costs of construction of the property hinges on Plaintiff's replacement efforts, which constitute a suspensive condition under the terms of the insurance policy.

*Versai Management Corp. v. Clarendon America Ins. Co.*, 597 F.3d 729, 738 (5th Cir. 2010)

**<u>Proposed Jury Charge No. 9</u>**

**Debris Removal**

The subject insurance policy provides, in pertinent part, the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

***

**4.  Additional Coverage**

**a.  Debris Removal**

**(1)** Subject to Paragraphs (2), (3) and (4), we will pay your expense to remove debris of Covered Property and other debris that is on the described premises, when such debris is caused by or results from a Covered Cause of Loss that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the date of direct physical loss or damage.

CP 00 10 10 12 (Page 3 of 16)

***

**5.  Coverage Extensions**

**e**.  **Outdoor Property**

You may extend the insurance provided by this Coverage Form to apply to your outdoor fences, radio and television antennas (including satellite dishes), trees, shrubs and plants (other than trees, shrubs or plants which are "stock" or are part of a vegetated roof), including debris removal expense, caused by or resulting from any of the following causes of loss if they are Covered Causes of Loss:

**(1)** Fire;
**(2)** Lighting;
**(3)** Explosion;
**(4)** Riot or Civil Commotion; or
**(5)** Aircraft.

CP 00 10 10 12 (Page 8 of 16)

**<u>Proposed Jury Charge No. 10</u>**

**Policy Exclusions**

The subject insurance policy provides, in pertinent part, the following:

**CAUSES OF LOSS – SPECIAL FORM**

***

1.  We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

***

**g**.  **Water**

(1) Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

\*\*\*

(3) Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;

(4) Water under the ground surface pressing on, or flowing or seeping through:

   (a) Foundations, walls, floors or paved surfaces;
   (b) Basements, whether paved or not; or
   (c) Doors, windows or other openings; or

(5) Waterborne material carried or otherwise moved by any of the water referred to in Paragraph (1), (3) or (4), or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraphs (1) through (5), is caused by an act of nature or is otherwise caused.

CP 10 30 10 12 (Page 2 of 10)

\*\*\*

**h**. **"Fungus," Wet Rot, Dry Rot And Bacteria**

Presence, growth, proliferation, spread or any activity of "fungus," wet or dry rot or bacteria.

But if "fungus," wet or dry rot or bacteria result in a "specified cause of loss," we will pay for the loss or damage caused by that "specified cause of loss."

This exclusion does not apply:

(1) When "fungus," wet or dry rot or bacteria result from fire or lightning; or

(2) To the extent that coverage is provided in the Additional Coverage, Limited Coverage For "Fungus," Wet Rot, Dry Rot And Bacteria, with respect to loss or damage by a cause of loss other than fire or lightning.

CP 10 30 10 12 (Page 2-3 of 10)

\*\*\*

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

    **b.** Delay, loss of use or loss of market

***

    **d.** **(1)** Wear and tear;
          **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself;

***

    **d.** **(4)** Settling, cracking, shrinking, or expansion;

CP 10 30 10 12 (Page 3 of 10)

***

**3.** We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3. a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

***

    **c.** Faulty, inadequate or defective:

***

    (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    (3) Materials used in repair, construction, renovation or remodeling; or
    (4) Maintenance
        Of part or all of any property on or off the described premises.

CP 10 30 10 12 (Page 4 of 10)

      The language of the policy is enforceable. Under this language, coverage is afforded to restore damaged property to the condition it was immediately prior to a covered loss but does not extend to pre-existing damage.

*Southern Hotels Ltd. Partnership v. Lloyd's Underwriters at London Companies*, 1997 WL 3525972 (E.D. La. 1997).

18

**Proposed Jury Charge No. 11**

### Policy Exclusions

The property was insured under a property insurance policy issued by Covington Specialty Insurance Company. The policy TGS purchased generally extends coverage for physical damage to the building caused by a windstorm; however, it specifically excludes coverage for damage caused by rain, whether driven by wind or not, unless the building first sustains damage by the storm to its roof or walls through which the rain enters.

**Proposed Jury Charge No. 12**

### Double Recovery

An insured party in Louisiana may generally recover under all available coverages provided that there is no double recovery. The fundamental principle of a property insurance contract is to indemnify the owner against loss, that is to place him or her in the same position in which he would have been had no accident occurred.

*Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 521 (5th Cir. 2010)(Citing *Cole v. Celotex*, 599 So.2d 1058, 1080 (La.1992) (quoting 15A Couch on Insurance § 56:34 (2d ed.1983))). *See also Albert v. Farm Bureau Ins. Co.*, 940 So.2d 620, 622 (La.2006).

**Proposed Jury Charge No. 13**

### Penalties

For an unreasonable failure to pay an insured's claim within thirty days of receipt of satisfactory written proof of loss, La. Rev. Stat. § 22:1892 provides the following penalty:

> [W]hen such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, *or in the event a partial payment or tender has been made*, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. (Emphasis Added).

Similarly, La. Rev. Stat. § 22:1973 provides that an insurer owes to its insured a duty of good faith and fair dealing, and provides the following in regard to what constitutes a breach of that duty:

> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

In order for an insured to be entitled to penalties and attorneys feed for bad faith claims handling, the insured (or party claiming such entitlement) has the burden of proving:

(1) an insurer has received satisfactory proof of loss;

(2) the insurer failed to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor; and

(3) the insurer's failure to pay is arbitrary, capricious, or without probable cause.

La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973. *Dudenhefer v. Louisiana Citizens Prop. Ins. Corp.*, 280 So.3d 771, 777 (La. App. 4 Cir. 2019)(Citing *Aghighi v. Louisiana Citizens Property Ins. Corp.*, 119 So.3d 930, 933 (La. App. 4 Cir. 2013)); *Louisiana Bag Co., Inc. v. Audubon Indem. Co.,* 999 So.2d 1104, 1112-1113 (La. 2008).

## Proposed Jury Charge No. 14

### Valid Underlying Claim Necessary for Penalties

An insured must have a valid substantive claim for which insurance coverage is due as a prerequisite to recovery of any penalties.

*Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So. 2d 83 (La. App. 1 Cir. 1995).

**Proposed Jury Charge No. 15**

### Application of Penalty Statutes

Any claim for penalties must be strictly construed. Penalties may not be assessed unless it is clearly shown that the facts negate probable cause for nonpayment and that the insurer was in fact arbitrary, capricious, and without probable cause in refusing to pay.

*In re Katrina Canal Breaches Litigation*, 401 Fed.Appx. 884, 886 (5th Cir. 2010); *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So.2d 1104, 1114 (La. 2008); *Hart v. Allstate*, 437 So.2d 823, 827 (La. 1983); *Holt v. Aetna Cas. & Sur. Co.*, 680 So.2d 117, 130 (La. App. 2 Cir. 1996); *Block v. St. Paul Fire & Marine Ins. Co.*, 742 So.2d 746, 751 (La. App. 2 Cir. 1999).

**Proposed Jury Charge No. 16**

### Satisfactory Proof of Loss

While there is no requirement that the proof of loss needs to be in any particular format, it must consist of sufficient facts which fully apprise the insurer of the extent of the damages sought. A satisfactory proof of loss must, among other things, establish the extent of the damages. Where the satisfactory proof of loss is based upon an adjuster's inspection and estimate of the property, the United States Fifth Circuit Court of Appeal has held that it is not until the adjuster has fully completed his estimate with all necessary information and materials that a satisfactory proof of loss has occurred. Further, under Louisiana law and the insurance policy at issue, the insured has a duty to cooperate to provide such information and materials. Failure of the insured to do so does not equate to bad faith on the part of the insurer.

A satisfactory proof of loss is a necessary predicate to a showing that the insurer was arbitrary and capricious. As a result, establishing the insurer's receipt of a satisfactory proof of loss is what triggers the running of the applicable statutory time limits.

*Dudenhefer v. Louisiana Citizens Prop. Ins. Corp.*, 280 So.3d 771, 777 (La. App. 4 Cir. 2019); *Iteld v. Four Corners Const., L.P.*, 133 So.3d 312, 322 (La. App. 4 Cir. 2014); *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985). *French v. Allstate Indem. Co.*, 637 F.3d 571, 586 (5th Cir.2011); and *Boudreaux v. State Farm Mut. Auto. Ins. Co.*, 896 So.2d 230, 234 (La. App. 4 Cir. 2005)(Citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003) and *Friedmann v. Landa*, 573 So.2d 1255, 1260 (La. App. 4 Cir. 1991)).

**Proposed Jury Charge No. 17**

### Arbitrary, Capricious, Without Probable Cause

The insured has the burden of proving that the insurer acted in bad faith. Whether an insurer's refusal to tender payment is arbitrary, capricious, or without probable cause "depends on the facts known to the insurer at the time of its action."

Under the law, "arbitrary and capricious" means "vexatiously," as in a "vexatious refusal to pay" or a refusal to pay without reasonable or probable cause, justification, or excuse. Further, "[b]ad faith means more than mere bad judgment or negligence; it implies a dishonest purpose or evil intent."

An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of the loss. Although a plaintiff's submission of a damage report and a theory as to the causation of the damage may place the insurer on notice of the claim, the insurer cannot be punished for not accepting a plaintiff's naked assertions of the extent or even the causation of the damage without having the opportunity to verify these claims to at least a reasonable degree of satisfaction.

This standard requires an assessment of the reasonableness of the defendant insurer's conduct, and "when there are substantial, reasonable and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious or without probable cause." In other words, when there is a "reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists." Therefore, if you find that Defendant had a legitimate basis to disagree with the amounts asserted by Plaintiff, you should conclude that Defendant was not arbitrary and capricious in failing to pay the amount asserted.

Consequently, bad faith penalties are inappropriate "when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense, especially when there is a reasonable and legitimate question as to the extent … of a claim." In these instances, failure to pay within the statutory time period is not arbitrary, capricious, or without probable cause.

Moreover, these statutes are "penal in nature and, consequently, must be strictly construed."

*Kodrin v. State Farm Fire and Cas. Co.,* 314 Fed.Appx. 671, 679 (5th Cir. 2009); *Reed v. State Farm Mutual Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003); *In re Katrina Canal Breaches Litigation*, 401 Fed.Appx. 884, 886 (5th Cir. 2010); *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008); *Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993); *Vaughn v. Franklin*, 785 So.2d 79, 86 (La. App. 1 Cir. 2001); *Maloney Cinque, LLC v. Pacific Ins. Co., Ltd.*, 89 So. 3d 12, 21 (La. App. 4 Cir. 2012); *Guillory v. Lee*, 16 So. 3d 1104, 1127 (La. 2009); *NAZ, L.L.C. v. United National Insurance Company*, 779 Fed.Appx. 200, 205 (5th Cir. 2019); *Hart v. Allstate*, 437 So.2d 823, 827 (La. 1983); *Block v. St. Paul Fire & Marine Ins. Co.*, 742 So.2d 746, 751 (La. App. 2 Cir. 1999).

## **Proposed Jury Charge No. 18**

### **Insurer's Right to Investigate and Dispute Claims**

An insurer has a right and a duty to review damage estimates to verify the scope and cost of work, especially on large and/or complex property damage claims.

An insurance company cannot be punished for refusing to accept plaintiffs' mere assertions of the extent or even the causation of the damage without having the opportunity to verify these claims to at least a reasonable degree of satisfaction. Louisiana courts have recognized that insurance companies have a right to litigate questionable claims without being subjected to damages and penalties.

In instances of a dispute, an insurer is obligated to tender the undisputed portion of a claim. The insurer is entitled to investigate and, if necessary, litigate legitimate disputes, but must pay the insured a figure over which reasonable minds could not differ within the statutory period. If reasonable minds could differ over whether an amount is due considering the facts the insurer knew at the time, then it is not an undisputed amount. A refusal to pay the full amount claimed will not be arbitrary and capricious when the dispute had a good faith basis.

In other words, when the insurance company timely pays the minimum undisputed amount over which reasonable minds could not differ, the insurance company cannot be held liable for statutory damages or penalties.

*Reed v. State Farm Mutual Auto. Ins. Co.*, 857 So. 2d 1012, 1022 (La. 2003); *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114-1115 (La. 2008); *Maloney Cinque, LLC v. Pacific Ins. Co., Ltd.*, 89 So. 3d 12, 21 (La. App. 4 Cir. 2012); and *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1091 (La. 1985).

## Proposed Jury Charge No. 19

### Insurer's Right to Investigate and Dispute Claims

When there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists. When there are substantial, reasonable, and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is no arbitrary, capricious or without probable cause.

*Louisiana Bag Co., Inc. v. Audubon Indemn. Co.*, 999 So. 2d 1104, 1114 (La. 2008).

## Proposed Jury Charge No. 20

Plaintiff who possesses information that would suffice as satisfactory proof of loss, but does not relay that information to insurer is not entitled to finding that insurer was arbitrary or capricious, for purposes of statutes allowing recovery of penalties for insurer's failure to timely pay claim.

*Reed v. State Farm Mutual Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003)

**Proposed Jury Charge No. 21**

**Measure of Payment under an Insurance Contract**

The measure of payment in an insurance coverage dispute over damage to an insured property is governed by the contract itself. An insurance company is only obligated to pay the amount which is contracted to pay for the insurance contract. Therefore, if you find that an item of property damage claimed by Plaintiff is covered by the insurance contract, then you must determine what amount the insurance contract requires Defendant to pay for that item. You must also take into consideration all coinsurance calculations.

**Proposed Jury Charge No. 22**

**Coinsurance**

Coinsurance means a relative division of the risk between the insurer and the insured, dependent upon the relative amount of the policy and the actual cash value of the property insured thereby. Coinsurance is that called for by a provision imposing an obligation upon the insured to keep a specific amount or a percentage of additional insurance in force, failing which the insured becomes a coinsurer to the extent of the omitted insurance.

The insurance policy issued by Covington also contains a coinsurance provision on Plaintiff's property loss. A co-insurance provision requires the insured to bear a percentage of certain losses if it has chosen to purchase a certain level of coverage. This concept does not differ substantially from a "deductible." The concept of co-insurance is designed to protect the insurer from conduct of the insured which would permit the insured to get more than its money's worth for its premium dollar

15 La. Civ. L. Treatise, Insurance Law & Practice § 341 (3d. ed.); "Coinsurance Clauses," 44 Am. Jur. 2d Insurance § 1499; and "Coinsurance Requirement," 7 Couch on Ins. § 98:17.

**Proposed Jury Charge No. 23**

Plaintiff, TGS, may not recover in excess of its actual loss.

*Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 521 (5th Cir. 2010); *French v. Allstate Ins. Co.*, 637 F.3d 571, 580 (5th Cir. 2011).

**Proposed Jury Charge No. 24**

Plaintiff bears the burden of establishing the actual costs of mitigation work and repair work scope and cost. Such proof requires expert testimony.

*Versai Management Corp. v. Clarendon American Ins. Co.*, 597 F.3d 729, 736 (5th Cir. 2010).

**Proposed Jury Charge No. 25**

An "incurred" cost is a cost that the insured actually paid or that the insured is legally obligated to pay.

*Hoffman v. Travelers Indem. Co. of America*, 144 So.3d 993, 998-999 (La. 2014).

**Proposed Jury Charge No. 26**

Business entities are incapable of experiencing loss of enjoyment, mental anguish and inconvenience. The only losses an entity designed to produce profits suffer are economic damages. As such, "neither corporations nor limited liability companies can incur damages for mental anguish or emotional distress."

*Frank C. Minvielle, L.L.C. v. IMC Global Operations, Inc.*, 380 F.Supp.2d 755, 772 (W.D.La.2004); *Whitehead v. American Coachworks, Inc.*, 837 So.2d 678, 682 (La. App. 1st Cir.2002); *AT&T Corp. v. Columbia Gulf Transmission Co.*, 2008 WL 4585439 (W.D. La. 2009); *One River Place Condominium Ass'n, Inc. v. Axis Surplus Ins. Co.*, 629 F.Supp.2d 613, 617 (E.D.La.2009).

**Proposed Jury Charge No. 27**

Under Louisiana law, damages for loss of profits must be proven with reasonable certainty. Such damages may not be based on speculation and/or conjecture.

*Grand Acadian, Inc. v. Fluor Corp.*, 2010 WL 1053701, at *2 (W.D. La. 2010).

Respectfully submitted,

*/s/ Frederick W. Swaim III*
FREDERICK W. SWAIM III (#28242)
SAMUEL L. FULLER (#35134)
CODY W. CASTLE (#39138)
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
fswaim@gallowaylawfirm.com
slfuller@gallowaylawfirm.com
ccastle@gallowaylawfirm.com
Counsel for *Covington Specialty Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFIY** that, on the 23rd day of October 2023, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Frederick W. Swaim III*
FREDERICK W. SWAIM III
